## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

FEDERAL TRADE COMMISSION,
          Plaintiff,

          vs.

BENEFYTT TECHNOLOGIES, INC., f/k/a
HEALTH INSURANCE INNOVATIONS,
INC., a Delaware corporation;

HEALTH PLAN INTERMEDIARIES
HOLDINGS, LLC, a Delaware limited
liability company;

HEALTHPOCKET, INC., d/b/a
AGILEHEALTHINSURANCE, a Delaware
corporation;

GAVIN D. SOUTHWELL, individually and
as a former officer, director, and manager of
Benefytt Technologies, Inc., Health Plan
Intermediaries Holdings, LLC, and
HealthPocket, Inc.; and

AMY E. BRADY, individually and as a
former vice president and manager of
Benefytt Technologies, Inc. and Health Plan
Intermediaries Holdings, LLC.

          Defendants.

Case No. 8:22-cv-01794-TPB-JSS

**STIPULATED ORDER FOR
PERMANENT INJUNCTION
AND OTHER RELIEF
AGAINST DEFENDANT AMY
E. BRADY**

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its

Complaint for Permanent Injunction, Monetary Relief, and Other Relief

Page 1 of 22

("Complaint") in this matter, pursuant to Sections 13(b) and 19 of the Federal Trade

Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b), 57b, the Telemarketing and

Consumer Fraud and Abuse Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108,

and Section 5 of the Restore Online Shoppers' Confidence Act ("ROSCA"), 15

U.S.C. § 8404.  The Commission and Defendant Amy E. Brady ("Settling

Individual Defendant") stipulate to the entry of this Stipulated Order for Permanent

Injunction and Other Relief ("Order") to resolve all matters in dispute in this action

between them.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1.      This Court has jurisdiction over this matter.

2.      The Complaint charges that Defendants participated in deceptive, unfair, and

abusive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45,

the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, as amended, and

Section 4 of ROSCA, 15 U.S.C. § 8403, in connection with the advertising,

marketing, telemarketing, promoting, offering for sale, or sale of association

memberships and related health products, including short-term medical plans,

limited benefit plans, and medical discount plans.

3.      Settling Individual Defendant neither admits nor denies any of the allegations

in the Complaint, except as specifically stated in this Order.   Only for purposes of this action, Settling Individual Defendant admits the facts necessary to establish jurisdiction.

4.      Settling Individual Defendant waives any claim that she may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear her own costs and attorney fees.

5.      Settling Individual Defendant waives all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.      **"ACA"** means the Patient Protection and Affordable Care Act of 2010, Pub. L. No 111-148, 124 Stat. 119.

B.      **"Billing Information"** means any data that enables any person to access a customer's account, such as a credit card, checking, savings, share or similar account, utility bill, mortgage loan account, or debit card.

C.      **"Charge," "Charged," or "Charging"** means any attempt to collect money or other consideration from a consumer, including causing Billing

Information to be submitted for payment, including against the consumer's credit card, debit card, bank account, telephone bill, or other account.

D.    **"Clear(ly) and Conspicuous(ly)"** means that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

1.    In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented.   In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2.    A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

3.    An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

4.    In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

Page 4 of 22

5.     The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

6.     The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

7.     The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

8.     When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

E.     **"Defendants"** means Individual Defendants and Corporate Defendants, individually, collectively, or in any combination.

1.     **"Corporate Defendants"** means Benefytt Technologies, Inc., f/k/a Health Insurance Innovations, Inc., Health Plan Intermediaries Holdings, LLC, HealthPocket, Inc. d/b/a AgileHealthInsurance, and their successors and assigns.

2.     **"Individual Defendants"** means Gavin D. Southwell and Amy E. Brady.

Page 5 of 22

F.    **"Healthcare-Related Product"** means any program, plan, membership, card, product, insurance policy, or other good or service, that offers, or purports to offer, health insurance, discounts, savings, or benefits on healthcare, or access to such health insurance, discounts, savings, or benefits.

G.    **"Negative Option Feature"** means, in an offer or agreement to sell or provide any good or service, a provision under which the consumer's silence or failure to take affirmative action to reject a good or service or to cancel the agreement is interpreted by the seller or provider as acceptance or continuing acceptance of the offer.

H.    **"Settling Individual Defendant"** means Amy E. Brady.

I.    **"Telemarketing"** means a plan, program, or campaign which is conducted to induce the purchase of goods or services or a charitable contribution, by use of one or more telephones and which involves more than one interstate telephone call, whether or not covered by the Telemarketing Sales Rule.

## ORDER

## I. BAN ON HEALTHCARE-RELATED PRODUCTS

IT IS THEREFORE ORDERED that Settling Individual Defendant is permanently restrained and enjoined from advertising, marketing, promoting, offering for sale, or selling, or assisting in the advertising, marketing, promoting,

Page 6 of 22

offering for sale, or selling, of any Healthcare-Related Product.

## II. BAN ON TELEMARKETING

IT IS FURTHER ORDERED that Settling Individual Defendant is

permanently restrained and enjoined from participating in Telemarketing, whether

directly or through an intermediary, including by consulting, brokering, planning,

investing, or advising.

## III. PROHIBITED BUSINESS PRACTICES

IT IS FURTHER ORDERED that Settling Individual Defendant, Settling

Individual Defendant's officers, agents, employees, and attorneys, and all other

persons in active concert or participation with any of them, who receive actual

notice of this Order, whether acting directly or indirectly, in connection with

advertising, marketing, promoting, or offering for sale any good or service, are

permanently restrained and enjoined from:

A.    Misrepresenting or assisting others in misrepresenting, expressly or by

implication:

1.    any cost to the consumer to purchase, receive, use, or return the
good or service;

2.    that any good or service is included at no additional cost with
the purchase of another good or service;

Page 7 of 22

3.    that any good or service is a qualified health plan under the ACA or is "Obamacare";

4.    that any good or service provides benefits equivalent to a qualified health plan under the ACA;

5.    that any good or service is comprehensive health insurance or major medical insurance, or provides benefits equivalent to such insurance; or

6.    any other fact material to consumers concerning any good or service, such as:   the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics;

B.    Making any representation, or assisting others in making any representation, expressly or by implication, unless the representation is non-misleading, and, at the time such representation is made, Settling Individual Defendant possesses and relies upon competent and reliable evidence that is sufficient in quality and quantity to substantiate that the representation is true, regarding any good or service;

C.    Failing to disclose, or assisting others in failing to disclose, Clearly and Conspicuously, before requesting any Billing Information from a consumer:

1. the complete name of each good or service to be purchased, the name of the seller or provider of each good or service to be purchased, and, if the name of the seller or provider will not appear on billing statements, the billing descriptor that will appear on such statements;

2. a description of each good or service;

3. all costs and fees, itemized by each good or service to be purchased;

4. all applicable exclusions, limitations, or waiting periods related to the use of any good or service;

5. the terms of any refund, cancellation, exchange, or repurchase policy for any good or service, including the extent to which the consumer must take affirmative action to avoid any Charges; and

6. the simple cancellation method to stop any recurring Charges, as required by Subsection III.G;

D. Causing any consumer to be billed for any good or service without having previously obtained the consumer's express informed consent;

E. Failing to send the consumer:

1. Immediately after the consumer's submission of an online order, written confirmation of the transaction by email if Settling Individual

Page 9 of 22

Defendant is in possession of the consumer's email address. The email must Clearly and Conspicuously disclose all the information required by Subsection III.C, and contain a subject line reading "Order Confirmation" along with the name of the good(s) or service(s), and no additional information. If Settling Individual Defendant is not in possession of the consumer's email address, such Defendant must provide confirmation to online purchasers or cancel the transaction as set forth in Subsection III.E.2; or

2.    Within 2 days after receipt of the consumer's order by mail or telephone, or where a consumer who submitted an order online did not provide Settling Individual Defendant with an email address, a written confirmation of the transaction, either by email or first class mail. The email or letter must Clearly and Conspicuously disclose all the information required by Subsection III.C. The subject line of the email must Clearly and Conspicuously state "Order Confirmation" along with the name of the good(s) or service(s), and nothing else. The outside of the envelope must Clearly and Conspicuously state "Order Confirmation" along with "Important Information About Your Recent Purchase and Enrollment," and no additional information other

than the consumer's address, the sending Defendant's return address, and postage. *Provided, however,* that if Settling Individual Defendant is not in possession of either an email address or a physical address for a consumer and cannot obtain such information and send confirmation of the purchase within 2 days after receipt of an order pursuant to this Subsection, such Defendant must immediately cancel the consumer's purchase and refund all charges;

F.     Representing directly or indirectly, expressly or by implication, that any good or service that includes a Negative Option Feature is being offered on a free, trial, no obligation, reduced, or discounted basis, without disclosing Clearly and Conspicuously:

1.     The extent to which the consumer must take any affirmative action to avoid any Charges: a) for the offered good or service, b) of an increased amount after the trial or promotional period ends, and c) on a recurring basis;

2.     The total cost (or range of costs) the consumer will be Charged and, if applicable, the frequency of such Charges unless the consumer timely takes steps to prevent or stop such Charges; and

3.     The deadline(s) (by date or frequency) by which the consumer

must affirmatively act in order to stop all recurring Charges.

G.      Failing to provide a simple and easy-to-use method by which consumers can cancel the Charge for any good or service; such method must not be difficult, costly, confusing, or time consuming, and must be at least as simple as the method the consumer used to initiate the Charge(s);

H.      Failing to promptly cancel a consumer's purchase of any good or service after receiving the consumer's cancellation request; or

I.      Causing a consumer, after the consumer requests to cancel any good or service, to continue being billed for any other good or service without obtaining that consumer's express informed consent.

## IV. CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Settling Individual Defendant is permanently restrained and enjoined from directly or indirectly disclosing, using, or benefitting from customer information that any Defendant obtained prior to entry of this Order, provided that Settling Individual Defendant may use such information to otherwise comply with the terms of this Order.   Such customer information includes the name, address, telephone number, email address, Social Security number, other identifying information, sensitive health information, or any data that enables access to a customer's account (including a credit card, bank account, or

other financial account).

## V. COOPERATION

IT IS FURTHER ORDERED that Settling Individual Defendant must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Settling Individual Defendant must provide truthful and complete information, evidence, and testimony. Settling Individual Defendant must appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena. Nothing in this Section precludes or prevents the Settling Individual Defendant from invoking any valid Fifth Amendment privilege against self-incrimination.

## VI. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Settling Individual Defendant obtain acknowledgments of receipt of this Order:

A.      Settling Individual Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

Page 13 of 22

B.    For 20 years after entry of this Order, Settling Individual Defendant for any business that such Defendant, individually or collectively with any other Defendant, is the majority owner or controls directly or indirectly, must deliver a copy of this Order to:   (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.   Delivery must occur within 7 days of entry of this Order for current personnel.   For all others, delivery must occur before they assume their responsibilities.

C.    From each individual or entity to which Settling Individual Defendant delivered a copy of this Order, Settling Individual Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VII. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Settling Individual Defendant make timely submissions to the Commission:

A.    One year after entry of this Order, Settling Individual Defendant must submit a compliance report, sworn under penalty of perjury:

1.      **Settling** Individual Defendant must:   (a) identify the primary

physical, postal, and email address and telephone number, as designated points of

contact, which representatives of the Commission may use to communicate with

Settling Individual Defendant; (b) identify all of Settling Individual Defendant's

businesses by all of their names, telephone numbers, and physical, postal, email,

and Internet addresses; (c) describe the activities of each business, including the

goods and services offered, the means of advertising, marketing, and sales, and the

involvement of any other Defendant (which Settling Individual Defendant must

describe if she knows or should know due to her own involvement); (d) describe in

detail whether and how Settling Individual Defendant is in compliance with each

Section of this Order; and (e) provide a copy of each Order Acknowledgment

obtained pursuant to this Order, unless previously submitted to the Commission.

2.      Additionally, Settling Individual Defendant must:   (a) identify

all telephone numbers and all physical, postal, email and Internet addresses,

including all residences; (b) identify all business activities, including any business

for which Settling Individual Defendant performs services whether as an employee

or otherwise and any entity in which Settling Individual Defendant has any

ownership interest; and (c) describe in detail Settling Individual Defendant's

involvement in each such business, including title, role, responsibilities,

Page 15 of 22

participation, authority, control, and any ownership.

      B.     For 20 years after entry of this Order, Settling Individual Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

      1.     Settling Individual Defendant must report any change in:   (a) any designated point of contact; or (b) the structure of any entity that Settling Individual Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

      2.     Additionally, Settling Individual Defendant must report any change in:   (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which Settling Individual Defendant performs services whether as an employee or otherwise and any entity in which Settling Individual Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

      C.     Settling Individual Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar

proceeding by or against her within 14 days of its filing.

D.     Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.     Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Benefytt Technologies, Inc., Matter No. 1923141.

## VIII. RECORDKEEPING

IT IS FURTHER ORDERED that Settling Individual Defendant must create certain records for 20 years after entry of the Order, and retain each such record for 5 years. Specifically, Settling Individual Defendant for any business that she, individually or collectively with any other Defendant, is a majority owner or controls directly or indirectly, must create and retain the following records:

Page 17 of 22

A.    accounting records showing the revenues from all goods or services sold;

B.    personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:   name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.    records of all consumer complaints concerning the subject matter of the Order and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.    all records necessary to demonstrate full compliance with each provision of this Order, including;

E.    for express, informed consent obtained in writing, documentation that shows such consent, including the date and the consumer's name, telephone number, and Billing Information;

F.    for express, informed consent obtained orally, an unedited voice recording that contains such consent, retrievable by date; and

G.    a copy of all advertisements or other marketing material related to any good or service sold.

## IX. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Settling Individual Defendant's compliance with this Order and any failure to transfer any assets as required by this Order:

A.     Within 14 days of receipt of a written request from a representative of the Commission, Settling Individual Defendant must:   submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.     For matters concerning this Order, the Commission is authorized to communicate directly with Settling Individual Defendant.   Settling Individual Defendant must permit representatives of the Commission to interview any employee or other person affiliated with Settling Individual Defendant who has agreed to such an interview.   The person interviewed may have counsel present.

C.     The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities,

Page 19 of 22

to Settling Individual Defendant, without the necessity of identification or prior notice.   Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.    Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Settling Individual Defendant, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## X. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

SO ORDERED this ___11th___ day of ___August___, 2022.


_____
UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF:**

/s/ Matthew G. Schiltz
_____          Date: 8/8/2022
Matthew G. Schiltz
Claire E. W. Stewart
Elizabeth C. Scott
Federal Trade Commission, Midwest Region
230 S. Dearborn Street, Suite 3030
Chicago, Illinois 60604
312.960.5619
mschiltz@ftc.gov; cstewart@ftc.gov; escott@ftc.gov
*Attorneys for Plaintiff*
*Federal Trade Commission*

**FOR SETTLING INDIVIDUAL DEFENDANT:**

_____          Date: July 21, 2022
Jared Lopez
Maria D. Neyra
Raymie Walsh
Black Srebnick, P.A.
201 Biscayne Blvd., Suite 1300
Miami, Florida 33131
(305) 371-6421
jlopez@royblack.com
mneyra@royblack.com
rwalsh@royblack.com
*Attorneys for Defendant Amy E. Brady*

Page 21 of 22

**SETTLING INDIVIDUAL DEFENDANT:**

_Amy E. Brady_
**Amy E. Brady**

Date: 7/21